TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 95-1102 |
| of | : | |
| | : | April 12, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE DEDE ALPERT, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Where a city street is realigned and a public right-of-way is created ranging in width from 15 to 45 feet from the street curb to the sidewalk, may the city prohibit the parking of vehicles on the extensions of residential driveways crossing over the public right-of-way?

CONCLUSION

Where a city street is realigned and a public right-of-way is created ranging in width from 15 to 45 feet from the street curb to the sidewalk, the city may prohibit the parking of vehicles on the extensions of residential driveways crossing over the public right-of-way.

ANALYSIS

The City of San Diego has recently realigned one of its residential streets. The realignment has created a public right-of-way ranging in width from 15 to 45 feet from the street curb to the sidewalk. Each homeowner has extended his or her driveway over the public right-of-way to the street. The right-of-way is on land owned and maintained by each homeowner.

The city has adopted an ordinance prohibiting the parking of vehicles on the driveway extensions crossing over the public right-of-way. Accordingly, homeowners may not park their

vehicles on their own driveways on their own properties. We are asked whether the city has the authority to prohibit such vehicle parking.

Generally, the use of streets and highways, including the parking of vehicles, is regulated by provisions of the Vehicle Code,[1] and such state statutes preempt cities and counties from adopting local ordinances covering the same subject matter. As we observed in 64 Ops.Cal.Atty.Gen. 707, 710 (1981):

"It has been long recognized that the right to exclusive control of vehicular traffic on *public* streets and highways is that of the state. [Citations.] . . . And it is well-established that the regulation of parking on public streets and highways is a legitimate aid to such traffic control and regulation. [Citations.] In other words, the state has preempted local legislation as to parking on public streets and highways in the field of traffic control.

"If the state has not preempted the field of law with which the subject ordinance is concerned, local supplemental legislation would not be deemed conflicting to the extent it covers phases of the field not covered by state law. [Citations.] Furthermore, state preemption of the field of law would not preclude local legislation enacted for the public safety which only incidentally affects the preempted field. [Citations.]"

Regarding the inability of cities and counties to adopt local ordinances, section 21 specifically states:

"Except as otherwise expressly provided, the provisions of this code are applicable and uniform throughout the State and in all counties and municipalities therein, and no local authority shall enact or enforce any ordinance on the matters covered by this code unless expressly authorized herein."

Numerous statutes (§§ 22500-22526) govern the parking of vehicles; however, no state law specifically covers vehicle parking on a public right-of-way such as involved herein.

The city has suggested that its ordinance is authorized by section 22500, subdivision (e). Section 22500 states:

"No person shall stop, park, or leave standing any vehicle whether attended or unattended, except when necessary to avoid conflict with other traffic or in compliance with the directions of a peace officer or official traffic control device, in any of the following places:



". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1]All section references are to the Vehicle Code unless otherwise indicated.

"(e) In front of a public or private driveway, except that a bus engaged as a common carrier, school bus, or a taxicab may stop to load or unload passengers when authorized by local authorities pursuant to ordinance."



"........................................."[2]

We believe that subdivision (e) of section 25500 does not cover the factual situation presented here. It prohibits the parking of vehicles *on a street or highway*, so as to prevent ingress to or egress from a driveway. It does not prohibit vehicle parking on a driveway so as to block the remainder of the driveway. The driveway itself is not a "street," "highway," or a "roadway." Section 590 provides: "`Street' is a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. Street includes highway." Section 360 states: "`Highway' is a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. Highway includes street." Section 530 provides: "A `roadway' is that portion of a highway improved, designed, or ordinarily used for vehicular travel."

As recently stated in *People* v. *Howard* (1995) 33 Cal.App.4th 1407, 1415-1416:

"The objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citation.] In determining intent, we look first to the words of the statute themselves. [Citations.]

"Statutes should be construed in a reasonable and common sense manner consistent with their apparent purpose and the legislative intent underlying them. Practical interpretation which promotes a wise policy, rather than mischief or absurdity, obviously is preferred. [Citation.]"

In short, we do not view subdivision (e) of section 25500 as authority for a city to prohibit vehicle parking on residential driveways, whether crossing a public right-of-way or not.

Nevertheless, even though neither section 25500 nor any other provision of the Vehicle Code appears to be applicable to our facts, our inquiry is not at an end. We believe the ordinance in question may be upheld as a reasonable exercise of the city's police powers. Section 7 of article XI of the Constitution provides: "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws."

Several opinions of this office are instructive with respect to the scope of a city's constitutional police powers. In 76 Ops.Cal.Atty.Gen. 31 (1993) we examined a city's authority to

_____

[2]We note that local authorities may provide an exception to this provision. Section 22507.2 states:

"Notwithstanding subdivision (e) of section 22500, a local authority may by ordinance, authorize the owner or lessee of property to park a vehicle in front of the owner's or lessee's private driveway when the vehicle displays a permit issued pursuant to the ordinance authorizing such parking. . . ."

regulate the use of the public right-of-way between the street curb and sidewalk by homeowners. We were asked whether a city could authorize residents to install basketball standards on the public right-of-way facing the street and extending over the curb. We concluded:

"With respect to the rights and duties of the residents in question, the residents would have legal title to the right-of-way between the sidewalk and curb and would be responsible for its maintenance. [Citations.] . . . The residents may make use of their landscaped strip of land between the sidewalk and curb in any manner 'not inconsistent with the public easement.' [Citations.]

"On the other hand, `[l]egislation requiring that a permit be issued by a municipality as a condition precedent to the erection of a structure on property privately owned, or to the use that may be made of such property, if reasonable, is a valid exercise of the police power. [Citations.]' [Citation.] . . ." (*Id.*, at p. 35.)

We thus recognized the right of a city, *under its police powers*, to regulate that portion of the public right-of-way between the street curb and sidewalk in front of residential properties.[3]

In 75 Ops.Cal.Atty.Gen. 239, *supra*, we were asked whether a city or county could by ordinance restrict the parking of particular categories of vehicles *on private property* such as driveways, private residential streets, and private commercial parking lots. We stated with respect to a city's or county's police powers authority:

"Generally speaking, ordinances which restrict parking on private property are enacted for purposes of promoting traffic safety or enhancing the appearance of a city or county, both of which have been found by the United States Supreme Court to be substantial governmental interests. [Citation.] Regulations to further these two goals fall within the permissible bounds of the police power of a city or county. [Citation.] . . ." (*Id.*, at p. 241.)

Specifically with regard to prohibiting the parking of vehicles on driveways, we stated:

"The need for regulating vehicles parked in driveways would most likely arise from the `visual blight' which may be engendered when the presence of a certain type of parked vehicle is inconsistent with the use of the property permitted under city or county land use regulations. Blight control or nuisance ordinances typically prohibit such things as the parking of construction and commercial vehicles in areas zoned for residential uses, the parking of inoperable vehicles for more than a certain length of

---

[3]Our 1993 opinion examined a variety of issues, including state preemption with respect to the use of streets and highways, the ability of local jurisdictions to enact supplemental legislation, the independent authority of a local jurisdiction to enact measures under its constitutional police powers, and the typical ownership of streets by homeowners, subject to the public right-of-way. (See also 75 Ops.Cal.Atty.Gen 239 (1992); 73 Ops.Cal.Atty.Gen. 13 (1990); 64 Ops.Cal.Atty.Gen. 707, *supra*; 30 Ops.Cal.Atty.Gen. 69 (1957).)

time in residential areas, and the parking of trailers, motor homes, and recreational vehicles in front yard setback areas (which may or may not include driveways) for more than a certain length of time. [Citations.] Such ordinances are concerned with the local use of property and are generally grounded in zoning laws.

"The Vehicle Code, on the other hand, primarily seeks to achieve uniform regulation in the enforcement of matters relating to traffic control, traffic safety, and vehicle equipment. [Citations.] Parking on private driveways, as distinguished from parking on private roads used for vehicular traffic, would have at most only an indirect effect upon traffic control or safety. The Vehicle Code does not preclude regulations enacted for non-traffic purposes which only incidentally affect the preempted field. [Citation.]

". . . [W]e believe that the regulation of parking on private driveways would be an exercise of local authority which would only affect incidentally the fields of traffic control and traffic safety. Therefore, a local entity may, consistent with constitutional requirements, enact an ordinance prohibiting the parking of certain categories of vehicles on private driveways." (*Id*., at pp. 243-244; fn. omitted.)

Hence, under their constitutional police powers authority, local jurisdictions may regulate the use of the public right-of-way between the street curb and sidewalk and prohibit the parking of vehicles on areas of private property. The ordinance in question may be sustained as a reasonable exercise of the city's police powers, due to considerations of safety and aesthetics.

We conclude that where a city street is realigned and a public right-of-way is created ranging in width from 15 to 45 feet from the street curb to the sidewalk, a city may prohibit the parking of vehicles on the extensions of residential driveways crossing over the public right-of-way.

* * * * *